UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BRYAN MOLITOR | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 5:24-CV-00432-TAD-KDM |
| | * | |
| CIRCLE K STORES, INC. | * | JUDGE TERRY A DOUGHTY |
| AND CONSTIUTTION STATE | * | |
| SERVICES, LLC | * | MAGISTRATE JUDGE KAYLA D |
| | * | MCCLUSKY |

*************************************************************************

## ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Defendants, **CIRCLE K STORES, INC. and CONSTITUTION STATE SERVICES, LLC**, who, in answer the Petition for Damages filed by Plaintiff, **BRYAN MOLITOR**, respond as follows:

### FIRST DEFENSE

The allegations contained in the Petition for Damages do not state a claim upon which relief can be granted against these Defendants.

### SECOND DEFENSE

And now, further answering each allegation separately, Defendants aver and allege as follows:

The allegations contained in the paragraph preceding Paragraph 1 of the Petition for Damages are denied for lack of information sufficient to justify a belief in the truth therein.

1.

The allegations contained in Paragraph 1 of the Petition for Damages prior to the domiciliary statements of the named defendants seek legal conclusions regarding liability. All questions of the law are referred to the trier of fact for resolution and do not require a response from Defendants. Further responding, Defendants deny that Circle K Stores, Inc. is a domestic

limited liability company and that Constitution State Services, LLC is a foreign insurance company.

2.

The allegations contained in Paragraph 2 of the Petition for Damages are denied, except to admit that Circle K Stores, Inc. operates a convenience store at 762 Pierremont Road in Shreveport, LA 71106.

3.

The allegations contained in Paragraph 3 of the Petition for Damages are denied as written, except to admit that a customer reported falling at its convenience store at 762 Pierremont Road in Shreveport, LA 71106 on April 5, 2023.

4.

The allegations contained in Paragraph 3 of the Petition for Damages are denied as written, except to admit that a customer reported falling at its convenience store at 762 Pierremont Road in Shreveport, LA 71106 on April 5, 2023.

5.

The allegations contained in Paragraph 5 of the Petition for Damages seek legal conclusions and do not require a response from Defendants. All questions of the law are referred to the trier of fact for resolution and do not require a response from Defendants. To the extent a response is deemed necessary, the allegations are denied as written.

6.

The allegations contained in Paragraph 6 of the Petition for Damages seek legal conclusions and do not require a response from Defendants. All questions of the law are referred

to the trier of fact for resolution and do not require a response from Defendants. To the extent a response is deemed necessary, the allegations are denied as written.

7.

The allegations contained in Paragraph 7 of the Petition for Damages seek legal conclusions and do not require a response from Defendants. All questions of the law are referred to the trier of fact for resolution and do not require a response from Defendants. To the extent a response is deemed necessary, the allegations are denied as written.

8.

The allegations contained in Paragraph 8 of the Petition for Damages seek legal conclusions and do not require a response from Defendants. All questions of the law are referred to the trier of fact for resolution and do not require a response from Defendants. To the extent a response is deemed necessary, the allegations are denied as written.

9.

The allegations contained in Paragraph 9 of the Petition for Damages are denied for a lack of information sufficient to justify a belief in the truth therein.

10.

The allegations contained in Paragraph 7 of the Petition for Damages seek legal conclusions and do not require a response from Defendants. All questions of the law are referred to the trier of fact for resolution and do not require a response from Defendants. To the extent a response is deemed necessary, the allegations are denied as written.

11.

The allegations contained in Paragraph 11 of the Petition for Damages recite conclusions of law regarding jurisdiction that do not require a response from Defendants. To the extent a response is deemed necessary, Defendants are not contesting jurisdiction.

12.

The allegations contained in Paragraph 12 do not require a response on behalf of Defendants. To the extent a response is required, Defendants deny Plaintiff is entitled to tax expert witness expenses as costs.

The allegations contained in the un-numbered paragraphs following Paragraph 12 of the Petition beginning with "WHEREFORE" recite legal conclusions, which require no response from these Defendants. To the extent a response is required, all allegations are denied.

Pursuant to Louisiana law, and out of an abundance of caution, Defendant asserts and avers the following additional affirmative defenses:

### THIRD DEFENSE

Defendants aver that, if it be found that Plaintiff sustained damages, which is denied, then said damages were the result of the fault, negligence and omissions of Plaintiff. Any recovery allowed to Plaintiff should be diminished, reduced, offset or barred in accordance with the principals of comparative fault as set forth under Louisiana law.

### FOURTH DEFENSE

Defendants aver that, if it be found that Plaintiff was sustained damages, which is denied, then said damages were the result of the fault, negligence and omissions of third-parties, for whom Defendants are not liable or responsible. Any recovery allowed to Plaintiff should be diminished,

reduced, offset or barred in accordance with the principals of comparative fault as set forth under Louisiana law.

### FIFTH DEFENSE

Defendants aver that if Plaintiff sustained the injuries or losses as alleged in the Petition for Damages, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions, or natural course of conditions for which Defendants are not responsible.

### SIXTH DEFENSE

Defendants plead the provisions and affirmative defenses set forth in Louisiana's Merchant Liability Act, La. R.S. 9:2800.6 *et seq.* and La. C.C. Art. 2317.1, *et seq.* as if pled herein, *in extensor*.

### SEVENTH DEFENSE

Defendants further aver that, to the extent an unreasonably dangerous hazard can be proven, Defendants did not have actual or constructive notice of any condition creating an unreasonable risk of harm existing in or on the subject premises.

### EIGHTH DEFENSE

Defendants are entitled to and specifically requests a trial by jury on all issues in this litigation.

WHEREFORE, Defendants pray that its Answer and Affirmative Defenses to Plaintiff's Petition be deemed good and sufficient, for trial by jury, and that after all due proceedings are had, there be judgment rendered herein, in favor of Defendants, Circle K Stores, Inc. and Constitution State Services, LLC, and against Plaintiff, dismissing Plaintiff's Petition, with prejudice, at

Plaintiff's costs and for all other relief to which Defendant may be entitled, whether in law or in equity, by virtue of those proceedings.

Respectfully submitted,

TAYLOR, WELLONS, POLITZ & DUHE, LLC

BY: /s/J. David Harpole, III
J. David Harpole, III (Bar Roll No. 33174)
Summer R. Whittington (Bar Roll No. 40994)
4041 Essen Lane, Suite 500
Baton Rouge, Louisiana 70809
Telephone: (225) 387-9888
Facsimile: (225) 387-9886
Emails: dharpole@twpdlaw.com
swhittington@twpdlaw.com
*Counsel for Defendants, Circle K Stores, Inc. and Constitution State Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES has been electronically filed with the CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 25th day of April, 2024.

/s/ J. David Harpole, III
TAYLOR, WELLONS, POLITZ & DUHE, LLC